IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01445-RM-KLM

CYRIL ADAMS,

    Plaintiff,

v.

OFFICER HINES,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion For Supeana [sic] of Video Footage** [#22] (the "First Motion") and Plaintiff's **Motion to Supeana** [sic] [#25][1] (the "Second Motion"). In the First Motion, Plaintiff asks the Court "to supeana [sic] the video footage from the date of the incident." *First Motion* [#22] at 1. He states that the incident discussed in the Second Amended Complaint [#20] occurred on November 3, 2013 at 3:23 p.m. In the Second Motion, Plaintiff states that he "would like to supeana [sic] photographs taken after [his] emergency transport that were taken a[t] HRCC" and provides the address of that facility. *Second Motion* [#25] at 1.

    Plaintiff, who proceeds in this matter pro se[2], is advised to consult the Federal Rules of Civil Procedure and the Local Rules of this Court. Parties to an action engage in discovery to obtain information from each other. They do not issue subpoenas to exchange that information. Instead, they use the discovery devices discussed in Fed. R. Civ. P. 26-36. However, in this case discovery has not commenced. Plaintiff filed his Second Amended Complaint on July 16, 2014 [#20] and Defendant filed his Motion to Dismiss

---

    [1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

    [2] The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) [#24] (the "Motion to Dismiss") in response. If any claims remain after resolution of the Motion to Dismiss, the Court will schedule a Scheduling Conference to set deadlines for the parties to exchange information in accordance with the applicable rules.  If Plaintiff would like to subpoena documents from a third party, he must do so in accordance with the applicable rules.  Accordingly,

   IT IS HEREBY **ORDERED** that the First Motion [#22] and the Second Motion [#25] are **DENIED**.

   Dated:  August 21, 2014