IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01445-RM-KLM

CYRIL ADAMS,

      Plaintiff,

v.

OFFICER HINES,
COLORADO DEPARTMENT OF CORRECTIONS, and
BVCF STAFF,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12 (B)(6)** [#24][1] ("the Motion"), filed by Defendant Officer Hines ("Defendant Hines").[2]   Plaintiff Cyril Adams, who proceeds in this matter as a pro se

---

      [1] "[#24]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

      [2]  To the extent Plaintiff is attempting to sue the Colorado Department of Corrections ("CDOC") and the Buena Vista Correctional Facility Staff ("BVCF Staff"), this Recommendation addresses the possible claims against them as alleged in the Second Amended Complaint [#20]. In the Motion, Defendant notes that "to the extent Plaintiff is attempting to sue the CDOC, BVCF, and/or unidentified BVCF Staff, Plaintiff has not effectuated service for these parties and therefore, no entry of appearance is made on behalf of these parties." *Motion* [#24] at 1 n.1. As a result the Motion was filed only on behalf of Defendant Hines. *See id.*

litigant,[3] filed a Response [#37], and Defendant filed a Reply [#39].  The case has been

referred to the undersigned [#26] for a recommendation regarding disposition pursuant to

28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  The Court has reviewed the Motion, the

Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised

in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS**

that the Motion [#24] be **GRANTED**.

## I.  Summary of the Case

### A.    Procedural Background

On May 22, 2014, Plaintiff, an inmate at Buena Vista Correctional Facility,  filed his

Complaint pursuant to 42 U.S.C. § 1983 alleging that he was assaulted by Defendant Hines

with a blunt metal object, and that Defendant Hines lied on reports relating to the incident.

*Compl.* [#1] at 3-5.  On May 23, 2014, the Court directed him to amend his complaint and

cure specific deficiencies, including: a blank caption, no defendants listed, no specific

claims asserted, and no relief requested. *Order Directing Plaintiff to Cure Deficiencies* [#5]

at 2.  On June 9, 2014, Plaintiff filed an Amended Complaint that included as an attachment

the prison report regarding the incident with handwritten notes that expressed Plaintiff's

disagreement regarding the facts alleged in the report. *First Am. Compl.* [#10] at 10-11.

On June 23, 2014, the Court ordered Plaintiff to file a Second Amended Complaint that

---

[3] The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

clarified the identity of a defendant or defendants and exactly what claim was being made against each defendant. *Minute Order* [#17] at 2. On July 16, 2014, Plaintiff filed his Second Amended Complaint [#20], which is the operative pleading in this case.

The Court must base its analysis of the Motion only on the allegations contained in the Plaintiff's Second Amended Complaint [#20].[4] The law is clear that an amended complaint supersedes the complaint it modifies and renders the prior complaint of no legal effect unless the amended complaint refers to or adopts the earlier pleading. *Fullerton v. Maynard,* 943 F.2d 57, 2 (10th Cir. 1991) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). "While [Adams], a pro se plaintiff, is entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants." *Fullerton*, 943 F. 2d at 2 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)). Thus, because the Second Amended Complaint does not refer to or adopt the original Complaint [#1] or the First Amended Complaint [#10], it supersedes the allegations of the previous two complaints, and these earlier versions of the complaint have no legal effect. *Fullerton*, 943 F. 2d at 2.

The Second Amended Complaint consists of one half page of handwritten text. *See generally Second Am. Compl.* [#20]. The entirety of the Second Amended Complaint is as follows.

On December 27th, 2013, Officer Hines, a C.O. at B.V.C.F. Assaulted me with a weapon, [c]lubbing myself in the [h]ead with what I believe was his

---

[4] To the extent that in the Motion Defendant addresses allegations not included in the Second Amended Complaint [#20], but mentioned in the Complaint [#1] and First Amended Complaint [#10], the Court will not rely on those allegations to support its analysis here; instead the Court will address them as necessary to provide a thorough explanation in this Recommendation.

flashlight.  They wouldn't show me the video.  I was knocked unconscious bleeding badly.  When I awoke I was rushed to the hospital in Salida (the next over).  Remedy . . . I want victims compensation in a dollar amount of $5,000,000 being he is an individual (I[']m not against the State).

*Second Am. Compl.* [#20] at 1.  Plaintiff does not request any injunctive relief.  *Id.*

Taking Plaintiff's allegations as true for the purposes of considering the Motion, the Court understands Plaintiff to be bringing this lawsuit pursuant to 42 U.S.C. § 1983.[5]  The Court further understands Plaintiff to allege that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendant Hines' alleged use of excessive force.  It is not clear from the Second Amended Complaint [#20] whether Plaintiff is suing Defendant Hines in his official or individual capacity.  In the caption of the Second Amended Complaint Plaintiff refers to Officer Hines as "their [CDOC's] Officer," but the request for remedy references his individual capacity: "being he is an individual (I[']m not against the state)." *Second Am. Compl.* [#20] at 1.  Thus, the Court will address the claim against Defendant Hines in both his individual and official capacity.

## B.    The Motion

Defendant argues that Plaintiff's claims should be dismissed under Fed. R. Civ. Pro. 12(b)(6) and 12(b)(1) for failure to state a claim on which relief may be granted and for lack

---

[5] Although Plaintiff does not specifically state that his claim is brought pursuant to 42 U.S.C. § 1983 and does not mention the Eighth Amendment, the Court need not adhere to the legal labels, or lack thereof, attached by a plaintiff to his claims. *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a pro se party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").  The Tenth Circuit has provided explicit guidance as to the appropriate amendment to apply to an excessive force claim.  *See Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010).  The Eighth Amendment applies to "prisoners already convicted of a crime who claim that their punishments involve excessive force . . . ." *Id.* Thus, here the Court will analyze Plaintiff's claims under an Eighth Amendment excessive force framework.

of subject matter jurisdiction. *Motion* [#24] at 1, 3-7. Defendant's Motion argues that: Defendant Hines is entitled to Eleventh Amendment Immunity in his official capacity; that Plaintiff fails to state a claim against Defendant Hines under the Eighth Amendment; that Defendant Hines is entitled to qualified immunity; and that the Court should decline to exercise supplemental jurisdiction over any state law claim for assault asserted by the Plaintiff. *Id.* 3-7. To support the argument that Plaintiff fails to state a claim under the Eighth Amendment, Defendant's Motion relies on records attached to Plaintiff's First Amended Complaint [#10] allegedly showing that Plaintiff initiated a fight with another inmate, that Defendant Hines arrived with other officers in response to the fight, and that Plaintiff began resisting officers' attempts to help him. *Motion* [#24] at 5. The information contained in the attached records was disputed by Plaintiff in his First Amended Complaint, yet Defendant asserts that the information shows Plaintiff was not assaulted by Defendant Hines, and therefore Plaintiff fails to state a claim against Defendant Hines. *First Am. Compl.* [#10] at 13; *Motion* [#24] at 5-6. Although Defendant uses allegations from the First Amended Complaint [#10] to support his argument in the Motion [#24], the Court must only consider allegations from the Second Amended Complaint [#20] in its Recommendation regarding the Motion.

On October 14, 2014, Plaintiff filed a Response [#37] that did not address the substantive arguments made in the Motion, consisting of one paragraph of written text as follows:

> Myself was still researching about what amended [r]ight was violated, and have now entered that motion as well with no appointed deadlines. So you can[']t dismiss just because I was slow, I was still allowed to enter motions, and still am. I[']m Pro Se and it takes awhile. I am trying hard though.

*Response* [#37] at 1. On October 27, 2014, Defendant filed a Reply [#39] summarizing the Motion [#24], noting that Plaintiff's Response provided "no argument addressing any of the defenses asserted in the Motion," and requesting that Plaintiff's Amended Complaint [#20] be dismissed. *Reply* [#39] at 1-2.

On January 6, 2015, the Court entered a Minute Order informing Plaintiff that if he "wishes to substantively respond to the legal arguments made in the Motion [#24], he must do so on or before January 31, 2015.  If Plaintiff does not file a substantive Response that addresses the legal arguments made in the motion, the Court will rule on the Motion without the benefit of Plaintiff's arguments." *Minute Order* [#41].  Plaintiff has not filed a substantive response.  On February 13, 2015, the Court's January 6, 2015 Minute Order [#40] denying Plaintiff's Motion to Subpeana [sic] Evidence [#33] was returned as undeliverable with "parole" written on the envelope. *See generally Envelope* [#42].  The Court has not received evidence that its January 6, 2015 Minute Order [#41] ordering Plaintiff to file a substantive response to the Motion was not delivered to Plaintiff, however, it seems likely that it was not delivered to Plaintiff at the mailing address he provided to the Court.  Pursuant to D.C.COLO.LAttyR 5(c), all parties, including pro se parties, are required to update their mailing addresses within five days after a change of address occurs. Plaintiff has not provided the Court with an updated mailing address and, therefore, the Court cannot contact Plaintiff regarding the Motion or the Court's extension of his deadline to file a substantive response.  Accordingly, the Court enters this Recommendation without the benefit of a substantive response from Plaintiff.

## II.  Standard of Review

### A.      Fed. R. Civ. P. 12(b)(1)

Subject matter jurisdiction may be challenged by a party or raised sua sponte by the court at any point in the proceeding.  *E.g.*, *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-19, (1951); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982); Fed. R. Civ. P. 12(h)(3).  A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter

jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## B.     Fed. R. Civ. Pro. 12(b)(6) & 8

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

"Under Rule 8, a plaintiff must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tuttamore v. Lappin*, 429 F. App'x 687, 689 (10th Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). As with Rule 12(b)(6), "to overcome a motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." *Id.* Indeed, "Rule 8(a)'s mandate . . . has been incorporated into the 12(b)(6) inquiry." *U.S. ex rel. Lemmon v. Envirocare of Utah*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims." *Tuttamore*, 429 F. App'x at 689.

## C.    Substantial Deference Accorded to Prison Administrators

As an additional preliminary matter, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

To this end, the Court notes the well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, courts should interfere with the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 268-70 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d at 269 (citations omitted).

### III. Analysis

### A.    Fed. R. Civ. P. 8

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. of Civ. P. 8 are designed to meet these purposes. *See TV Comm's Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's

jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8." *Greenway Nutrients, Inc. v. Blackburn*, --- F. Supp.2d ---, 2014 WL 1243671, at *9 (D. Colo. March 26, 2014).

As the Court previously explained to Plaintiff, in order to state a claim in federal court, in his complaint Plaintiff "'must explain what each defendant did to him . . .; when each defendant did it; how the defendant's action harmed him . . .; and, what specific legal right the plaintiff believes the defendant violated.'" *Minute Order* [#17] at 2 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). Furthermore, "a claim for supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind." *Id.* at 2 (citing *Schneider v. City of Grand Junction Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013)). Finally, the general rule that pro se pleadings must be construed liberally has limits and "the [C]ourt cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As noted above, Rule 8 provides that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead "'detailed factual allegations,'" a pleading that asserts only "'labels and conclusions or a formulaic recitation

of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  Rather, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Allegations that "are no more than conclusions are not entitled to the assumption of truth." *Id.* at 679.  The purpose of the pleading requirement is "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotations and citations omitted).

### 1.    Defendants CDOC and BVCF Staff

As noted above, the Court addresses Plaintiff's potential claims against "CDOC" and "BVCF Staff" in an effort to offer a complete analysis. It is unclear whether Plaintiff intends to name them as Defendants. The caption of the Second Amended Complaint lists "Dept. Of Corrections (and combination also against their officer), Officer Hines [and] BVCF Staff (Buena Vista Correctional Facility)" as Defendants. *Second Am. Compl.* [# 20] at 1. However, in the body of Plaintiff's complaint, he does not mention any actions by the BVCF Staff generally or any CDOC policies, and the only mention of the BVCF Staff is that Officer Hines is "a C.O. at B.V.C.F." *Id.*  With regard to Plaintiff's claim that his Eighth Amendment rights were violated because he was subjected to excessive force, Plaintiff fails to offer any factual allegations regarding Defendants "CDOC" or "BVCF Staff" that would put them "on notice of [their] alleged misconduct sufficient to prepare an appropriate defense . . . ."

*Kansas Penn Gaming, LLC*, 656 F.3d at 1215. Accordingly, to the extent that Plaintiff intended to name them as Defendants, the Court concludes that Plaintiff fails to adequately plead any claim against Defendant CDOC and Defendant BVCF Staff pursuant to Rule 8. The Court thus **recommends** that, to the extent they were named as Defendants, Plaintiff's claims against Defendants CDOC and BVCF Staff be **dismissed.** As discussed below, because the Court concludes that these Defendants are entitled to Eleventh Amendment Immunity, these claims should be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 12(b)(1).

**B.    Eleventh Amendment Immunity**

Defendant Hines argues that he is entitled to Eleventh Amendment Immunity and that, as a result, all claims for monetary relief against him in his official capacity should be dismissed. *Motion* [#24] at 3-4. Here, the Eleventh Amendment applies to claims against not only Defendant Hines in his official capacity, but also to any claims against the CDOC and the BVCF Staff, to the extent Plaintiff intended to name them as Defendants.

**1.    The CDOC**

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment protections extend "to state agencies functioning as an arm of the state." *Id.* (citation omitted). Eleventh Amendment immunity may be waived, by an Act of Congress, or by a state, "through a clear expression of its intent to waive." *Id.* at 780-81. 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, and the State of Colorado has not waived its

immunity on behalf of the CDOC.  *See id.* at 781 (citations omitted).  Thus, even if Plaintiff

did adequately plead a claim against Defendant CDOC, any § 1983 claim against the

CDOC would be barred as a matter of law.  The Court accordingly **recommends** that any

claims asserted by Plaintiff against Defendant CDOC be **dismissed with prejudice** for

lack of subject matter jurisdiction.[6]

### 2.    Defendant Hines in his Official Capacity and BVCF Staff

"Suits against state officials in their official capacity should be treated as suits

against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473

U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994)

(stating that state officers sued in their official capacity are not "persons" subject to suit

under 42 U.S.C. § 1983).  Thus, pursuant to the Eleventh Amendment, the Court lacks

subject matter jurisdiction to adjudicate an action brought by a citizen of Colorado against

the state of Colorado, its agencies, or its officials in their official capacities.  *Johns v.*

*Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  However, the doctrine of sovereign immunity

does not bar "a suit brought in federal court seeking to prospectively enjoin a state official

from violating federal law."  *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)). In this

case, Plaintiff seeks monetary damages only.  *See Second Am. Compl.* [#20] at 1.

---

[6]  A claim barred by the Eleventh Amendment is dismissed with prejudice because it precludes the Court from ever hearing that claim. *Compare Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-1217 (10th Cir. 2006) (recognizing the established rule that "where the district court dismisses for lack of jurisdiction . . . , the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim") *with* Norris v. Buena Vista Correctional Complex, No. 12-cv-00924-DME-KMT, 2013 WL 674030, *1 (D. Colo. Feb. 25, 2013) (J. Ebel, writing for the District Court, dismissing with prejudice claims against the CDOC and Buena Vista Correctional Complex that were barred pursuant to the Eleventh Amendment);  *see also Shepard v. Rangel,* No. 12-cv-01108-RM-KLM, 2014 WL 7366662, *11 (D. Colo. 2014) (adopting recommendation to dismiss with prejudice claims against defendants in their official capacity for lack of jurisdiction pursuant to the Eleventh Amendment).

Accordingly, to the extent Plaintiff asserts a claim against Defendant Hines in his official capacity, the Court does not have subject matter jurisdiction to hear that claim. Additionally, to the extent that Plaintiff asserts a claim against BVCF Staff in their official capacities, the Court lacks subject matter jurisdiction to hear that claim as well. The Court thus **recommends** that Defendant's Motion be **granted** to the extent it seeks dismissal of any claim against Defendant Hines in his official capacity. The Court further **recommends** that Plaintiff's request for monetary damages against Defendant Hines for prior acts in his official capacity and against the BVCF Staff in their official capacities be **dismissed with prejudice** for lack of subject matter jurisdiction.[7]

## C.   Eighth Amendment Claim Against Defendant Hines in his Individual Capacity

Accordingly, the only remaining claim is Plaintiff's Eighth Amendment claim asserted against Defendant Hines in his individual capacity.  Defendant asserts that Plaintiff fails to state a claim against Defendant Hines pursuant to the Eighth Amendment, relying on records attached to Plaintiff's First Amended Complaint [#10]. *Motion* [#24] at 4-5. The Court cannot rely on the First Amended Complaint and any attached records for its analysis, and will analyze the sufficiency of the allegations contained only in the Second Amended Complaint [#20]. *See Fullerton,* 943 F. 2d at 2.

### 1.   The  Eighth Amendment and Excessive Force

Prison officials violate the Eighth Amendment when they use force "maliciously and sadistically" in order to cause harm, regardless of whether the inmate suffered any injury.

---

[7]   A claim barred by the Eleventh Amendment is dismissed with prejudice because it precludes the Court from hearing that claim.  *See Norris,* 2013 WL 67030 at *1;  *see also Shepard*, 2014 WL 7366662 at *11.

*Hudson v. McMillian*, 503 U.S. 1, 9.  "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."  *Id.*  To be sure, not every "push or shove" by a prison guard amounts to a constitutional violation.  *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).  A minor use of force may be de minimis if it "is not of the sort 'repugnant to the conscience of mankind.'"  *Hudson*, 503 U.S. at 10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

The Court's analysis of Plaintiff's excessive force claim includes both an objective and a subjective component.  *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).  First, the Court considers whether the alleged force "was objectively harmful enough to establish a constitutional violation."  *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2002) (citation omitted).  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," only those physical punishments rising above de minimis uses of force "are sufficiently grave to form the basis of an Eighth Amendment violation."  *Hudson*, 503 U.S. at 9-10 (citations omitted).  While the presence of an injury is not required, presence or absence of an injury is a factor in the determination of whether Defendant Hines's conduct constituted an objectively serious use of force.  *See Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (holding that "significant physical injury" is not required, but "[t]he extent of injury may be relevant in determining whether corrections officers unnecessarily and wantonly inflicted pain").

Second, as to the subjective component, the Court considers whether Defendant Hines intended harm, i.e. whether he acted "maliciously and sadistically."  *See Hudson*, 503 U.S. at 9.  Indeed, the touchstone inquiry in an excessive force claim is whether the force

was applied in a "good-faith effort to maintain and restore discipline or maliciously and sadistically" to cause harm. *See DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001) (quoting *Whitley*, 475 U.S. at 320-21). The subjective element can only be shown through allegations indicating that Defendant Hines acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hudson*, 503 U.S. at 8.

### 2.    Application in This Case

The Court next considers whether Plaintiff has sufficiently alleged a violation of his Eighth Amendment rights. A claim may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northington,* 973 F. 2d at 1522 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). The inquiry for Eighth Amendment excessive force claims by convicted prisoners is "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Northington,* 973 F. 2d at 1523 (quoting *Hudson,* 503 U.S. at 9). In *Wilkins v. Gaddy*, the Supreme Court reaffirmed the standard announced in *Hudson*, holding that the Court of Appeals for the Fourth Circuit erred in dismissing a prisoner's excessive force claim based only on the de minimis nature of the prisoner's injuries, rather than on the nature of the force. *Wilkins v. Gaddy,* 559 U.S. 34, 34 (2010). Thus, the Court considers whether the events as alleged in Plaintiff's Second Amended Complaint would, if true, demonstrate that the force used by Defendant Hines against Plaintiff was objectively harmful enough to establish a constitutional violation and that Defendant Hines acted "maliciously and sadistically."

Objectively, the harm alleged by Plaintiff, that Defendant clubbed him in the head with a flashlight, knocking Plaintiff unconscious and resulting in him bleeding and being

taken to the hospital, is a serious physical harm.  As noted above, the presence and extent of an injury is a factor in determining whether the alleged conduct is an objectively serious use of force.  *Northington,* 973 F. 2d at 1523.  The use of force by a prison official that results in bleeding, unconsciousness, and a visit to the hospital qualifies as an objectively serious use of force, actionable under the Eighth Amendment.  *See Merrit v. Stark,* 2009 WL 112039 at *8 (W.D. Okla. 2008) (holding that the plaintiff's allegations indicated serious medical needs, satisfying the objective element of the [Eighth Amendment] constitutional test where the plaintiff was beaten with a large flashlight, kicked and stomped on, and lost consciousness twice); *see also Rodgers v. Tilton,* 2009 WL 3781075 at *11 (E.D. Cal. 2009) (holding that the plaintiff stated a cognizable Eighth Amendment claim where defendant slammed plaintiff's finger in a door, causing bleeding and a severed finger); *see also Rosa v. San Bernadino County Sheriffs,* 2010 WL 4180738 at *6 (S.D. Cal. 2010) (holding that the plaintiff plausibly established an Eighth Amendment claim where he alleged that his chains were so tight during transfer between detention centers that he began bleeding internally, and that he was later taken to a hospital). Therefore, the harm allegedly suffered by Plaintiff satisfies the objective prong of the Eighth Amendment inquiry, because it is objectively serious and rises above a de minimis use of force. *Hudson,* 503 U.S. at 9-10.

Regarding the subjective part of the inquiry, as to whether Defendant Hines acted with a sufficiently culpable state of mind, it is not possible to discern *any* circumstances surrounding the alleged assault from Plaintiff's Second Amended Complaint. *See generally Second Am. Compl.* [#20].  In his Second Amended Complaint, Plaintiff alleges only that Defendant Hines assaulted him, he was knocked unconscious and bleeding, and was

rushed to the hospital. *Id.* Plaintiff does not describe the circumstances leading up to the incident or anything Defendant Hines said to him, nor does Plaintiff offer any factual allegations concerning Defendant Hines' subjective state of mind. *See id.* Thus, even if all the facts alleged in the Second Amended Complaint are true, they do not show or even allege that Defendant Hines acted "maliciously or sadistically" rather than in an attempt to "maintain or restore discipline." *Northington,* 973 F. 2d at 1523. The subjective part of the inquiry, the "malicious and sadistic" requirement, applies "regardless of whether the plaintiff has alleged significant physical injury." *Id.*

In the cases cited above regarding the objective prong of the inquiry, the plaintiffs also described at least *some* circumstances surrounding the incidents in question that sufficiently alleged that the defendant acted "maliciously and sadistically." *See Merrit,* 2009 WL 112039 at *8 (plaintiff alleged that he was handcuffed when the beating took place and alleged deliberate indifference by prison guards to his visible bleeding and injuries); *see also Rodgers,* 2009 WL 3781075 at *1 (plaintiff alleged that defendant laughed after slamming plaintiff's finger in the door and watching blood pool on the ground); *see also Rosa,* 2010 WL 4180738 at *6 (plaintiff alleged that the defendant prison guard cursed at plaintiff while putting him in chains after plaintiff complained that they were too tight). While the Court construes the filings of the pro se plaintiff in this case liberally, the Court cannot act as an advocate for the pro se litigant or "supply additional factual allegations to round out the pro se litigant's complaint." *Whitney*, 113 F.3d at 1173-74 (citing *Hall*, 935 F.2d at 1110). As noted above, Plaintiff's Second Amended Complaint is very short, and the Court cannot "round out [his] complaint or construct a legal theory on [his] behalf." *Weldon v. Ramstad-Hvass,* 512 F. App'x 783, 791 (10th Cir. 2013) (quoting *Whitney,* 113 F.3d at

1173-1174); *see also Wilson v. Oklahoma,* 561 F. App'x 714, 716 (10th Cir. 2014); *see also Sherratt v. Utah,* 545 F. App'x 744, 747 (10th Cir. 2013). Further, the same procedural rules that govern other litigants apply to pro se parties. *Nielson*, 17 F.3d at 1277. This includes the rule that an amended complaint supersedes the complaint it modifies and renders the prior complaint of no legal effect unless the amended complaint refers to or adopts the earlier pleading. *Fullerton,* 943 F.2d at 2 (citing *Boelens* 759 F.2d at 508). Because Plaintiff has neither mentioned nor referenced his previous complaints, or any attachments made to those complaints, the Court cannot use the allegations in Plaintiff's previous complaints in its analysis of Defendant's Motion [#24]. *See Fullerton,* 943 F. 2d at 2. Specifically, Plaintiff has not alleged any facts to show that Defendant Hines acted "maliciously and sadistically," intending to cause harm to the Plaintiff. *Hudson,* 503 U.S. at 8. Accordingly, because the Second Amended Complaint, taken by itself, does not allege any facts relating to Defendant Hines' state of mind, it fails to sufficiently allege an Eighth Amendment claim against Defendant Hines.

While the factual allegations from Plaintiff's prior complaints [##1, 10] are not relevant to the Court's analysis of the Motion, the Court notes that the prior complaints contain factual allegations which, upon further investigation and development, could raise substantial issues. *See e.g., First Am. Compl.* [#10] at 4 (Plaintiff alleges that there was a "scuffle" with another inmate, Defendant Hines approached them, Plaintiff put his hands up, and Defendant Hines swung "at full force his flashlight"). Thus, the Court recommends that Plaintiff be given leave to amend his complaint. Accordingly, the Court respectfully **recommends** that Plaintiff's Eighth Amendment claim against Defendant Hines acting in his individual capacity be **dismissed without prejudice** and that Plaintiff be given leave

to amend.[8]

## D.   Qualified Immunity

In the Motion Defendant Hines asserts that he is entitled to qualified immunity. *Motion* [#24] at 6-7. However, because the Court has recommended that all claims against Officer Hines be dismissed, the Court need not address this argument.

## E.   Supplemental Jurisdiction Over State Law Claims

It is unclear from Plaintiff's Second Amended Complaint whether he also intends to bring a state law assault claim against Defendant Hines. Plaintiff's Second Amended Complaint alleges that Officer Hines "assaulted [him]," and Defendant raises the issue of this Court's supplemental jurisdiction over state law claims in the Motion. *Second Am. Compl.* [#20] at 1; *Motion* [#24] at 7. The Court has recommended above that all federal claims asserted against Defendants be dismissed. A claim for assault sounds in state law, and is a claim which "[f]ederal law neither created . . . nor is federal law a necessary element of it." *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. Dec. 4, 2012) (unpublished decision) (citation and quotation omitted). As a result, in order to consider an assault claim, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. June 24, 2013). Pursuant to 28

---

[8] Prejudice should not attach to a dismissal when a plaintiff has made allegations that "upon further investigation and development, could raise substantial issues." *Reynoldson v. Shillinger,* 907 F. 2d 124, 127 (10th Cir. 1990). Because the facts in Plaintiff's Second Amended Complaint [#20] allege serious injury and address the objective part of an Eighth Amendment claim, the incident could raise substantial issues upon further development in a future complaint. While the Court may not consider allegations from Plaintiff's original Complaint [#1] and First Amended Complaint [#10] in its analysis for this Motion, the presence of allegations in those complaints relating to the circumstances surrounding the incident suggest that substantial issues could be raised upon further investigation and development.

U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").

Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 42 U.S.C. § 1983.  *See Second Am. Compl.* [#20] at 1, and Section I, n. 5, *supra*. Plaintiff does not plead any basis for diversity jurisdiction and it appears from Plaintiff's allegations that both Plaintiff and Defendant Hines are citizens of the State of Colorado. *Id*. at 1 (identifying Plaintiff as residing in Colorado, and stating that Defendant Hines was a corrections officer in Colorado, at BVCF).  Thus, having recommended that the claims against Defendant Hines, the CDOC, and BVCF Staff be dismissed, the Court further **recommends** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim against Defendant Hines, to the extent it is asserted by Plaintiff, and that such claim be **dismissed without prejudice**.[9]

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#24] be **GRANTED**.

---

[9]  If federal claims are dismissed before trial, leaving only issues of state law, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Bauchman v. West High Sch.*, 132 F. 3d 542, 549 (10th Cir. 1997).  If a plaintiff asserts all of his claims in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, "the plaintiff may re-file those claims in state court."  *Dalal v. Alliant Techsystems, Inc.*, 934 P. 2d 830, 834 (Colo. App. 1996).

The Court FURTHER **RECOMMENDS** that Plaintiff's claims against the CDOC, the BVCF Staff, and Defendant Hines in his official capacity be **dismissed with prejudice** because the Court lacks subject matter jurisdiction to adjudicate those claims pursuant to the Eleventh Amendment.[10]

The Court FURTHER **RECOMMENDS** that Plaintiff's Eighth Amendment claim against Defendant Hines in his individual capacity be **dismissed without prejudice** and that Plaintiff be given leave to amend.[11]

The Court FURTHER **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction against any remaining state law claim against Defendant Hines, and that such claim be **dismissed without prejudice**.[12]

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91

---

[10]  *See Norris,* 2013 WL 67030 at *1 (dismissing with prejudice claims barred pursuant to the Eleventh Amendment).

[11]  *See Reynoldson,* 907 F. 2d at 127 (explaining that prejudice should not attach to a dismissal when a plaintiff has made allegations that "upon further investigation and development, could raise substantial issues").

[12]  *See Bauchman,* 132 F. 3d at 549 (holding that where federal claims are dismissed before trial, federal courts should decline to exercise supplemental jurisdiction over state law claims by dismissing the claim without prejudice).

F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 23, 2015, at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge