**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-01445-RM-KLM

CYRIL ADAMS,

    Plaintiff,

v.

OFFICER HINES,
COLORADO DEPARTMENT OF CORRECTIONS, and
BVCF STAFF,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the February 23, 2015 Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 44) to grant Defendant Officer Hines' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (ECF No. 24).  Defendant Hines seeks dismissal of Plaintiff's action brought under 42 U.S.C. § 1983 alleging Defendant Hines used excessive force.  Plaintiff seeks monetary damages only.  Upon consideration of the Motion to Dismiss, the Magistrate Judge recommended:

    (1)    dismissal with prejudice based on Eleventh Amendment immunity as to any claim against Defendant Hines and BVCF[1] Staff in their official capacities for money damages;

---

[1] Defendants Colorado Department of Corrections ("CDOC") and BVCF (Buena Vista Correctional Facility) have apparently not yet been served.  The Magistrate Judge nonetheless addressed the possible claims against them as well in her Recommendation.

>  (2)     dismissal with prejudice based on Eleventh Amendment immunity to the extent any claim is pled against Defendant CDOC;
>
>  (3)     dismissal without prejudice as to Plaintiff's Eighth Amendment claim against Defendant Hines in his individual capacity, but with leave to amend this claim; and
>
>  (4)     declination of the exercise of supplemental jurisdiction over any remaining state law claim, such as assault, against Defendant Hines, and, therefore, the dismissal without prejudice of any such claim.

The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 44, at 23-24.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired.[2] (*See generally* Dkt.)

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record as to the substance of the analysis. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any

---

[2] The Court is mindful that Plaintiff appears *pro se*. The Court also recognizes that one of the court's Minute Orders (ECF No. 40) has been returned as undeliverable, with a handwritten notation of "parole" written on the envelope (ECF No. 41). Nonetheless, it is Plaintiff's responsibility to notify the court of his change of address, D.C.COLO.LAttyR 5(c), and he has not done so.

standard it deems appropriate."). The Court, however, finds that the dismissal based on Eleventh Amendment immunity should be without prejudice, *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011), and modifies the Recommendation accordingly. *See* Fed. R. Civ. P. 72(b). The Recommendation, as modified, is adopted as an order of this Court.

In accordance with the foregoing, the Court **ORDERS**:

1. That the Magistrate Judge's Recommendation (ECF No. 44), as modified herein, is **ADOPTED** and made an order of this Court; and

2. That Defendant Hines' Motion to Dismiss (ECF No. 24) is **GRANTED** as stated herein, namely:

    a. That Plaintiff's claims against CDOC, BVCF Staff in their official capacities for monetary damages, and Defendant Hines in his official capacity for monetary damages are **dismissed without prejudice** based on Eleventh Amendment immunity;

    b. That Plaintiff's Eighth Amendment claim against Defendant Hines in his individual capacity is **dismissed without prejudice**. However, Plaintiff is granted until **April 8, 2015**, in which to file an amended complaint under the Eighth Amendment against Defendant Hines in his individual capacity. **Failure to do so will result in the closure of this case**; and

  c. That this Court declines to exercise supplemental jurisdiction over any remaining state law claim against Defendant Hines, and, therefore, any remaining state law claim is **dismissed without prejudice**.

DATED this 25th day of March, 2015.

              BY THE COURT:

              _____
              RAYMOND P. MOORE
              United States District Judge